IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JAMMIE YERKS,

                Plaintiff,                ORDER

v.

                                      19-cv-595-wmc

SANDRA MCARDLE, MAXIM
PHYSICIAN RESOURCES, JOLINDA
WATERMAN, LORI ALSUM, and
DR. EILEEN GAVIN,

                Defendants.

*Pro se* plaintiff Jammie Yerks, a prisoner at the Wisconsin Secure Program Facility, is proceeding against defendants on Eighth Amendment deliberate indifference and Wisconsin negligence or medical malpractice claims arising out of their alleged delay in providing pain medication for his chronic shoulder injury. (Dkt. #25.) Relevant here, Yerks seeks to add as a defendant Wellhart, LLC, non-state defendant Dr. Eileen Gavin's alleged healthcare provider employer, and to proceed against Wellhart on a state-law claim for acts Gavin allegedly committed in the scope of employment.[1] (Dkt. #47 at 1.) Federal Rule of Civil Procedure 15 requires courts to "freely give leave [to amend] when justice so requires," and the court will grant the motion.

When Yerks filed his initial complaint, he did not know whether Dr. Gavin was a state employee or employed by a private health care provider and indicated that he would name Gavin's employer as a defendant if she turned out to be a non-state employee. (Dkt. #1 at 2.) The distinction matters with respect to his state-law claim in that Wis. Stat. ch.

---

[1] Similarly, Yerks is already proceeding against defendant Sandra McArdle and her employer Maxim Physician Resources. (Dkt. #25 at 18-19.)

655 "constitutes the exclusive procedure and remedy for medical malpractice in Wisconsin against health care providers, as that term is defined in Wis. Stat. § 655.001(8), and their employees." *Phelps v. Physicians Ins. Co. of Wis.*, 2009 WI 74, ¶ 64, 319 Wis. 2d 1, 768 N.W.2d 615.  The statute defines "health care provider" to include a "physician or a nurse anesthetist," Wis. Stat. §§ 655.001(8), 655.002(1)(a), and also to include a hospital or any corporation, partnership or other organization whose primary purpose is providing the medical services of physicians or nurse anesthetists.  Wis. Stat. § 655.002(1)(d)-(em), (h).  State employees, however, are generally exempt from Chapter 655.  *See* Wis. Stat. § 655.003.

The court understands Yerks to now be alleging that Dr. Gavin is in fact a health care provider or is employed by one, namely Wellhart.  Yerks seeks to add Wellhart only for purposes of complying with Chapter 655 and to proceed against it under a theory of *respondeat superior*.  *See Shannon v. City of Milwaukee*, 94 Wis. 2d 364, 370, 289 N.W.2d 564, 568 (1980) ("Under the doctrine of *respondeat superior* an employer can be held vicariously liable for the negligent acts of his employees while they are acting within the scope of their employment.").  Because Yerks does not add any new factual allegations to the complaint, and because there appears to be no objection by defendants' counsel, Yerks' complaint and the caption will be amended to add defendant Wellhart, LLC.  Yerks may proceed on a state law negligence or medical malpractice claim against Wellhart for acts Gavin allegedly committed within the scope of employment.  (*See* dkt. #25 at 11-14.)

ORDER

IT IS ORDERED that:

1) Plaintiff Jammie Yerks' motion for leave to supplement his complaint (dkt. #47) is GRANTED. Yerks is GRANTED leave to proceed on a negligence or medical malpractice claim against defendant Wellhart, LLC.

2) The clerk of court is directed to forward a copy of the complaint (dkt. #1) and supplement (dkt. #47), and this order to the United States Marshals Service for service on defendant Wellhart, LLC.

Entered this 3rd day of February, 2021.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge